IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO: 1:06CR564 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | GOVERNMENT'S RESPONSE TO |
| KEVIN BEDELL, | ) | DEFENDANT'S MOTION FOR |
| | ) | RELEASE |
| Defendant. | ) | |

Now comes the United States of America, by and through its counsel, Gregory A. White, United States Attorney, and Joseph P. Schmitz, Assistant U.S. Attorney, and moves this Honorable Court to continue Magistrate Judge Nancy A. Vecchiarelli's Pretrial Detention Order of December 12, 2006, for the reasons stated in the Memorandum attached hereto.

    Respectfully submitted,

    Gregory A. White
    United States Attorney

By:  s/Joseph P. Schmitz
    Joseph P. Schmitz
    Assistant U.S. Attorney
    Reg. No. 0021231
    400 U.S. Courthouse
    801 West Superior Avenue
    Cleveland, Ohio 44113
    (216) 622-3758/FAX 522-8355
    Joseph.Schmitz@usdoj.gov

**MEMORANDUM**

**I.**

On May 23, 2006, defendant Kevin Bedell while accompanied by co-defendant Mario Taylor responded to approaching law enforcement officers by unsuccessfully attempting to destroy or discard what was subsequently determined to be 5.67 grams of crack cocaine. An additional 22.18 grams of crack was then found in the vehicle Bedell and Taylor were about to enter. 1.07 grams of crack had been left in the gas well cap of the vehicle as a part of pre-arranged "buy" involving Taylor and a confidential informant.

On December 6, 2006, Bedell, Taylor and three other individuals were indicted for conspiracy to distribute over 50 grams of cocaine base, in violation of 21 U.S.C. § 846. (R. 3: Indictment (Count 1)). In Count 6 of the Indictment, Bedell as well as Taylor were charged with possessing with intent to distribute five or more grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). Count 6 is ordinarily punishable by a mandatory minimum term of imprisonment of five (5) years and a possible maximum sentence of forty (40) years; since defendant Bedell is subject to enhancement under 21 U.S.C. § 851 by reason of his prior felony drug convictions, Count 6 will upon the filing of an enhancement information be punishable by a mandatory minimum of ten (10) years and a possible maximum

of life imprisonment.  See 21 U.S.C. § 841(b)(1)(B).  In addition to the statutory minimum, the Sentencing Guidelines will prescribe a significantly higher advisory sentencing range, as it is anticipated that Bedell will qualify as a career offender under U.S.S.G. § 4B1.1.  Assuming an § 851 enhancement information is filed and the defendant is convicted at trial of Count 6 alone, § 4B1.1(b)(A) would indicate an advisory sentencing range of 360-life.

**II.**

**A.**

The charges set forth in Counts 1 and 6 of the Indictment in this case trigger the statutory presumption against pretrial release found in 18 U.S.C. § 3142(e).  See United States v. Hazime, 762 F.2d 34, 37 (6th Cir. 1985); United States v. King, 849 F.2d 485, 487-88 (11th Cir. 1988).  That provision provides in relevant part as follows:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substance Act (21 U.S.C. 801 et seq.), . . .

18 U.S.C. § 3142(e).

The legislative history underlying the Bail Reform Act plainly indicates that Congress, in utilizing the "safety of the community" language found in 18 U.S.C.§ 3142, intended that the "concern about safety be given a broader construction than merely danger of harm involving physical violence." Report of the Senate Committee on Judiciary, S. Rep. No. 98-225, 98th Cong., 2d Sess. (1984) U.S. Code Cong. & Admin. News 3182, 3195-96. Accord, United States v. Vance, 851 F.2d 166, 169 (6th Cir. 1988); United States v. King, 849 F.2d at 487 n.2. Indeed, the "risk that a defendant will continue to engage in drug trafficking" was specifically identified in the Senate Report as a circumstance the judicial officer should take into account in determining whether an individual's pretrial release would jeopardize the safety of the community. S. Rep. No. 98-225, U.S. Code & Admin. News at p. 3196. Accord, United States v. Hare, 873 F.2d 796, 798 (5th Cir. 1989); United States v. Sazenski, 806 F.2d 846 (8th Cir. 1986); United States v. Portes, 786 F.2d 758, 765 (7th Cir. 1985).

It is also instructive to note that the introduction or proffer of some evidence of community ties does not, under the governing case authorities, defeat or wholly negate Section 3142(e)'s presumption against pretrial release. The presumption instead "continues to weigh in the balance against bail" even after the defendant meets his burden of producing some evidence

tending to rebut it.  United States v. Diaz, 777 F.2d 1236, 1238 (7th Cir. 1985).  Accord, United States v. King, 849 F.2d at 488 (effect of presumption is not "completely eliminated" by rebuttal evidence, presumption remains in case as an "evidentiary finding militating against release"); United States v. Hare, 873 F.2d at 798-99 (mere production of evidence does not "completely rebut" presumption, court may still consider Congressional finding that "drug offenders pose a special risk of flight and dangerousness to society"); United States v. Jessup, 757 F.2d 378, 384 (1st Cir. 1985); United States v. Cook, 880 F.2d 1158, 1162 (10th Cir. 1989).  In considering Section 3142(e)'s presumption of flight, the Second Circuit Court of Appeals observed in United States v. Martir, 782 F.2d 1141, 1144 (2d Cir. 1986):

> . . . [I]t does not follow that the effect of the presumption disappears as soon as the defendant produces some contrary evidence. Congress framed the flight presumption in light of its general finding, based on extensive testimony, that flight to avoid prosecution is "particularly high among those charged with major drug offenses."  Senate Report at 20, reprinted at 1984 U.S. Code Cong. & Admin. News 3203.  The concern underlying the presumption applies to the general class of the defendants charged with one of the specified offenses-not merely to defendants who fail to produce rebuttal evidence.  Were the presumption of flight to vanish upon any showing that a defendant was likely to appear, courts would be giving too little deference to Congress' findings regarding this class. . .  A judicial officer conducting a detention hearing should, even after a defendant has come forward with rebuttal evidence, continue to give the presumption of flight some weight by keeping

> in mind that Congress has found that these offenders pose special risks of flight, and that "a strong probability arises" that no form of conditional release will be adequate to secure their appearance.

While Section 3142(e)'s presumption is two-pronged, going to both dangerousness and flight, the case authorities have held that pretrial detention is properly ordered where the defendant's release will either endanger the safety of the community <u>or</u> entail a substantial risk of flight. <u>United States v. King</u>, 849 F.2d at 488; <u>United States v. Portes</u>, 786 F.2d at 765.

**B.**

The Pretrial Services Report prepared for the defendant reflects, as candidly set forth in the defendant's motion, five previous drug convictions occurring in Cuyahoga County Common Pleas Court. After pleading guilty in Case Numbers 420844, 422657 and 423082, the defendant thereafter failed to appear, necessitating the issue of a capias in each case. In three of the five cases, the defendant was convicted of drug trafficking charges, one of which (CR 422657) was classified as a felony of the first degree.

The Pretrial Services Report further reflects that the defendant was on parole at the time of the instant federal offenses, having been released on his state sentences on November 25, 2005. The defendant's possession of significant quantities of crack cocaine six months later would indicate that he was not

successfully rehabilitated while in prison and that he is likely to continue to engage in drug activity if now released on bond. In light of the fact the defendant's drug activity continued unabated during the time he was being supervised on parole, it is extremely doubtful that subjecting the defendant to electronic monitoring, as proposed in his motion, will protect the community from the very real danger the defendant will once again resort to selling drugs.

In view of the above circumstances, the defendant has clearly failed to rebut the presumption of "dangerousness" set forth in 18 U.S.C. § 3142(e). The government further submits that the defendant has not rebutted § 3142(e)'s presumption that pretrial release would entail a significant risk of flight. Whether convicted of the conspiracy charge set forth in Count 1 or the substantive offense charged in Count 6, the defendant faces the prospect of a mandatory minimum ten-year term of imprisonment by statute, and a substantially higher advisory sentencing range under the Sentencing Guidelines. Given the magnitude of the applicable penalties, the defendant's appearance at trial can only be assured by an order of pretrial detention.

The nature and seriousness of the instant charges, the presumption against release set forth in Section 3142(e), the Congressional determination that underlies the presumption, the evidence against the defendant and the defendant's lengthy

history of continuing illegal drug activity all compel the conclusion that the defendant represents a danger to the safety of the community and a risk of flight who should be detained pending trial. The prevailing facts and circumstances, moreover, do not support defendant's entirely conclusory assertion that his defense will somehow be prejudiced by continuing the Magistrate's order of detention. For all of the foregoing reasons, the defendant's request for release pending trial is without merit and is properly denied.

                            Respectfully submitted,

                            Gregory A. White
                            United States Attorney

                    By:   s/ Joseph P. Schmitz
                        Joseph P. Schmitz
                        Assistant U.S. Attorney
                        Reg. No. 0021231
                        400 U.S. Courthouse
                        801 West Superior Avenue
                        Cleveland, Ohio 44113
                        (216) 622-3758/FAX 522-8355
                        Joseph.Schmitz@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2007, a copy of foregoing Government's Response to Defendant's Motion for Release was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

                                                         s/Joseph P. Schmitz
                                                       Joseph P. Schmitz
                                                       Assistant U.S. Attorney